IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMMIE H. TELFAIR, <br><br> Petitioner, <br><br> v. <br><br> LORETTA LYNCH, et al., <br><br> Respondents. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-5372 (JBS) <br><br> **OPINION** |

APPEARANCES:

Tommie H. Telfair, Petitioner pro se
#28440-050
Fort Dix
5841
Federal Correctional Institution
Inmate Mail/Parcels
East: PO Box 2000
Fort Dix, New Jersey 08640

**SIMANDLE, U.S. District Judge:**

 1.   Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 signed by pro se Petitioner Tommie Telfair (hereinafter, "Petitioner").

 2.   Petitioner originally submitted this petition challenging the "exercise of personal jurisdiction over Petitioner" and other claims relating to his criminal charges on September 6, 2016. Docket Entry 1.

 3.   The Court administratively terminated the petition on September 19, 2016 as Petitioner had not paid the filing fee or

submitted an *in forma pauperis* application. Administrative Termination Order, Docket Entry 3.

4. The order further noted that the petition was identical to a memorandum of law that had been filed in *Telfair v. Lynch, et al.*, No. 16-5085 (D.N.J. filed Aug. 19, 2016). *Id.* at 2 n.1. The Court informed Petitioner that if he intended to pursue this action as a separate habeas proceeding, he must pay an additional filing fee. *Id.* Petitioner was also notified that this matter would be subject to dismissal as duplicative. *Id.*

5. An "amended petition" was received on the same date the Court's order was entered. Amended Petition, Docket Entry 2.

6. On September 21, 2016, the Court received a letter from Petitioner dated September 15, 2016. The letter indicated Petitioner was aware of the two pending cases and requested clarification from the Court. Sept. 15, 2016 Letter, Docket Entry 4. As the administrative termination order setting forth Petitioner's options had only been entered two days prior to receipt of this letter, the Court took no further action on this letter.

7. The Court did not receive any further communication from Petitioner until the filing fee was paid on July 12, 2017.

8. Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more

formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

9. Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

10. As this Court noted in its administrative termination order, the petition is identical to a memorandum of law that Petitioner filed in his § 2241 proceeding before Judge Wigenton. The "amended petition" is identical to the § 2241 petition filed on August 19, 2016 in Civil Action No. 16-5085.

11. The Court takes judicial notice that Judge Wigenton dismissed the prior petition as "essentially a time-barred § 2255 motion" on September 20, 2016. *Telfair v. Lynch*, No. 16-5085, 2016 WL 5109144, at *4 (D.N.J. Sept. 20, 2016), *reconsideration denied*, No. 16-5085, 2016 WL 7015628 (D.N.J. Dec. 1, 2016).

12. The Third Circuit affirmed the dismissal and denied a certificate of appealability. *Telfair v. Attorney Gen. U.S., et*

3

*al.*, No. 16-4417 (3d Cir. Feb. 28, 2017). The United States Supreme Court denied Petitioner's request for a writ of certiorari. *Telfair v. Sessions*, No. 16-8636 (U.S. May 15, 2017).[1]

13. As the instant petition is identical to the one considered and dismissed by Judge Wigenton, the Court will dismiss the petition as duplicative.

14. To the extent a certificate of appealability is required, the Court declines to issue one as jurists of reason would not find it debatable that the dismissal as duplicative is proper. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

15. An appropriate order follows.


**August 30, 2017**         **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
         U.S. District Judge

---

[1] The Court takes judicial notice of these public records.